# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (this "Agreement"), is made and entered into this 12th day of March, 2020, by and among 7-Eleven (as defined below), and Kevin Monte ("Monte"), an individual residing in the State of New Jersey.

WITNESSETH:

WHEREAS, Monte filed a civil action with the United States District Court for the District of New Jersey, Civil No. 1:19-cv-17083, alleging violations of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Law Against Discrimination, and the Americans with Disabilities Act, as amended;

WHEREAS, it is the desire of 7-Eleven and Monte by this Agreement to fully, completely and permanently resolve all of Monte's Claims (as hereinafter defined), including, but not limited to, those arising out of or related to Monte's employment and separation from employment with 7-Eleven; and

NOW, THEREFORE, for and in consideration of the promises and the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. <u>Definitions</u>. The undersigned agree that the following definitions shall apply in the construction and interpretation of this Agreement:

    (a) "Affiliate" means a corporation, partnership or other entity controlled by, in control of, or under common control with 7-Eleven, Inc. or any of its Affiliates.

    (b) "Claim" means any and all demands, legal rights, causes of action, suits, losses, liabilities, claims of damages, claims of exemplary damages, derivative rights, including rights of contribution, claims of contractual liability, claims for civil or criminal penalties, claims for attorneys' fees, judgments, claims for costs and expenses of any type whatsoever known or unknown, contingent or fixed, liquidated or unliquidated, that have or could have been asserted as a result of or that have arisen or at any time in the future may arise out of or be in any way connected with, directly or indirectly, any event which occurred on or before the date of this Agreement.

    (c) "Person" includes any individual, corporation, joint venture, general or limited partnership, trust, organization, association or other entity.

    (d) "7-Eleven" means 7-Eleven, Inc., a Texas corporation, any predecessor or current or former parent, subsidiary, or other Affiliate of 7-Eleven, Inc., or successor of any of them, or benefit plan maintained by any of them, and the current and former directors, officers, partners, employees, associates, stockholders, and agents of any or all of them, and



any Persons acting by, through or under or in concert with any of them in their official and individual capacities, past or present.

2. Relinquishment of Claims.

(a) For and in consideration of the receipt by Monte of the Settlement Benefits (as hereinafter defined) and the mutual promises contained herein, Monte does hereby unconditionally remise, release and forever discharge and acquit 7-Eleven from and of any and all Claims of whatever kind or nature, whether vicarious, derivative or direct, which Monte, or any Person claiming by, through or under his may have against 7-Eleven, including, but not limited to, any Claims, whether based in tort or contract, express or implied, or any federal, state or local law, statute or regulation, known or unknown, fixed or contingent, which Monte, his heirs or assigns or administrators may have, have had or ever have against 7-Eleven and its Affiliates including but not limited to all matters, causes or things whatsoever, that were or have been or could have in any way been alleged in any suit, resulting from, growing out of, connected with, or related in any way to the formation of Monte's employment relationship, his employment relationship, or the termination of his employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement. This release includes, but is not limited to, Claims arising under federal, state or local laws, prohibiting employment discrimination (for example, age, sex, color, race, national origin, religion or disability status), including the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Fair Labor Standards Act, the Family and Medical Leave Act, or the New Jersey Law Against Discrimination or Claims growing out of any other legal restrictions upon 7-Eleven's right to terminate its employees, and is further intended to include, but not be limited to, any claims or demands for damages (actual or punitive), back wages, future wages or front pay, commissions, bonuses, medical expenses and the costs of any counseling, reinstatement or priority placement, promotion, vacation leave benefits, past and future medical or other employment benefits including contributions to any employee benefit plans, compensatory damages, injunctive relief, liquidated damages, penalties, equitable relief, attorneys' fees, costs of court, disbursements, interest, loss of consortium damages, and any and all other loss, expense, or detriment of whatever kind or character, resulting from, growing out of, connected with, or related in any way to the formation of Monte's employment relationship, Monte's employment relationship with 7-Eleven, or the termination of his employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement.

Nothing in this agreement is intended to waive any retirement benefits to which Monte is already entitled under the terms of the retirement plan.

(b) Monte further hereby agrees not to institute any actions or lawsuits, or otherwise assert or attempt to assert any Claim or causes of action, whether known or unknown, against 7-Eleven, including, but not limited to, any Claims or causes of action based on, or with respect to, any matter, growing out of, connected with, or related in any

way to the formation of Monte's employment relationship, his employment relationship, occurrences, acts or omissions during or after his employment relationship, or the termination of his employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement. This release includes, but is not limited to, any Claims for employment discrimination; retaliation; breach of contract (express or implied); breach of the duty of good faith and fair dealing; violation of the public policy of the United States, the State of New Jersey or any other state or other jurisdiction; intentional or negligent infliction of emotional distress; tortious interference with contract; promissory estoppel; detrimental reliance; defamation of character; duress; negligent misrepresentation; intentional misrepresentation or fraud; invasion of privacy; loss of consortium; assault; battery; conspiracy; bad faith; negligent hiring or supervision; attorneys' fees; any intentional or negligent act of personal injury; any alleged act of harassment or intimidation; or any other intentional or negligent tort; or any alleged violation of Title VII of the Civil Rights Act of 1964 (and as amended in 1991); the Age Discrimination in Employment Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act; the Fair Labor Standards Act; the Fair Credit Reporting Act; the New Jersey Law Against Discrimination, or New Jersey wage and hour laws or any other federal, state or local law, and further, Monte shall not authorize the bringing of any such action on his behalf by any persons, agency, organization or other entity. Monte also agrees that he will not be a member of any class or group seeking relief from 7-Eleven in any matter relating to his employment, or any action, omission, or event relating to 7-Eleven before the date of this Agreement. Monte further acknowledges and agrees that 7-Eleven does not owe him, nor is he entitled to, any wages, bonuses, benefits, stock options, severance pay or any other payments of any kind, other than those specifically referenced herein. Monte acknowledges and agrees that he has not suffered any on the job injury for which Monte has not already filed a workers' compensation claim. Monte acknowledges and stipulates that during his employment with 7-Eleven, he was allowed to take all leave and afforded all other rights to which he was entitled under the Family and Medical Leave Act (FMLA); and 7-Eleven has not in any way interfered with, restrained, or denied him exercise of (or attempt to exercise) any FMLA rights, nor terminated or otherwise discriminated against him for exercising (or attempting to exercise) any such rights.

(c)   The parties intend, by this Agreement, to fully and finally satisfy, to the extent set forth in this Section 2, the Claims which Monte may have against 7-Eleven and its Affiliates and to preclude, to the extent permitted by law, Monte from asserting any claim for contribution or indemnification relating to the Claims released in this Agreement in the event and to the extent that any such Claims may provide a basis in law for the assertion of a claim for contribution or indemnification.

(d)   Excluded from this general release are any claims that cannot be waived by law, including but not limited to the right to participate in an investigation conducted by certain government agencies or the right to receive an award for information provided to any government agency. This agreement is not intended to infringe upon Monte's Section 7 rights under the NLRA or Employee's right to file claims or participate in EEOC and state

agency investigations. Monte does, however, waive his right to any monetary recovery from 7-Eleven or reinstatement should any agency (such as the U.S. Equal Employment Opportunity Commission or the New Jersey Civil Rights Commission) pursue any claims on his behalf.

(e)     As to the FLSA claim, Monte agrees to join in the filing of a motion to approve the settlement of that claim, and agrees and acknowledges that this Agreement is conditioned on the approval by the court in the Civil Action of the settlement and dismissal with prejudice of his FLSA claim. Within 5 business days of receipt of the Settlement Benefits, Monte agrees to file a stipulation of dismissal of the civil action pending before the United States District Court for the District of New Jersey dismissing all claims against 7-Eleven, and all claims that could have been brought against 7-Eleven, with prejudice, with the sole exception of his FLSA claim, each side to bear its own attorneys' fees and costs.

(f)     Monte agrees that if he violates Paragraph 2 and its subparts by filing a Claim against 7-Eleven that is barred by Paragraph 2 and its subparts, Monte shall be liable to 7-Eleven for its reasonable attorneys' fees and other litigation costs incurred in defending against such a Claim.

3. <u>Settlement Benefits</u>. No later than 14 days after the later of the execution by Monte of this Agreement and an order in the Civil Action approving the settlement and dismissal with prejudice of Monte's FLSA claim, 7-Eleven shall be obligated to pay to Monte, subject to the terms and conditions of this Agreement, the benefits set forth below in this Section 3 (the "Settlement Benefits"):

(a)     The total sum of [REDACTED] paid in three separate checks, as follows:

   (1)   A check representing consideration for the waiver of wage-type claims under the Fair Labor Standards Act in the gross amount of **Three Thousand Twenty-One and 07/100 Dollars ($3,021.07)**, less tax and withholdings required by federal, state and local laws, will be made payable to "Kevin Monte." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form W-2. For purposes of calculating taxes and withholdings, this payment will be considered supplemental wages, subject to the federal income tax withholding rate of 22%, as well as any other applicable taxes and/or withholding.

   (2)   A check representing consideration for the waver of non-wage type and non-FLSA claims in the gross amount of [REDACTED] will be made payable to "Kevin Monte." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form 1099 for Monte.

(3) A check representing the remainder of the Settlement Benefits, including attorneys' fees and costs, in the gross amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ will be made payable to "Karpf, Karpf & Cerutti, P.C." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form 1099 for Karpf, Karpf & Cerutti, P.C. and a Form W-2 for Monte.

(b) Monte acknowledges and agrees that neither 7-Eleven nor any of its Affiliates have any legal obligation to provide Settlement Benefits to him other than pursuant to this Agreement. Monte also acknowledges and agrees that his acceptance of the Settlement Benefits and attendant obligations as described in this Agreement is in consideration of the promises and undertakings of 7-Eleven as set forth in this Agreement.

(c) Monte and Karpf, Karpf & Cerutti, P.C. agree to provide 7-Eleven with executed and completed Form W-9's and acknowledge that 7-Eleven has no duty to provide them with the Settlement Benefits until it is in receipt of executed and completed Form W-9's from both Monte and Olcese.

(d) Monte agrees to cooperate fully with 7-Eleven and represent to the court in the Civil Action that the terms of the settlement of Monte's FLSA claim are fair and reasonable.

4. Confidentiality; Non-Disparagement.

(a) The Parties acknowledge and expressly agree that the negotiations leading to this Agreement and the terms and conditions of this Agreement, including, but not limited to, the nature of the Settlement Benefits afforded Monte herein and the substance and alleged facts of the Claims released herein shall remain strictly confidential. In addition, Monte expressly covenants and warrants that neither he nor his attorneys nor immediate family will disclose to any third party, other than an accountant, attorney, or tax return preparer, or other person having a confidential relationship to them (for example, communicating the source of income to a financial institution), who has a need to know and who has agreed to keep such information confidential, the contents of the terms and conditions of this Agreement nor the substance of the agreements or inducements to enter into this Agreement including, but not limited to, the nature or amounts of the benefits afforded to Monte herein, unless obligated or required to do so by law. It is expressly acknowledged and agreed that this confidentiality provision is an essential aspect of the consideration for 7-Eleven to enter into this Agreement. Monte further acknowledges that a breach of this provision by any third party to whom he has disclosed such information shall constitute a breach by Monte. Monte represents and warrants that, as of the date of this Agreement, he has not violated Section 4(a).

If the court in the Civil Action requires the filing of this settlement agreement as part of the public record in connection with the motion to approve the FLSA settlement, the

　　　　　Initials ▮▮

parties agree that the Agreement may be filed with the court with the gross settlement amount and the non-FLSA settlement amounts redacted. The parties agree that the amount of consideration for waiver of the FLSA claim set forth in Section 3(a)(1) is not confidential.

(b) Monte further agrees not to make any statement, oral or written, which directly or indirectly impugns the quality or integrity of 7-Eleven or its business practices, or to make any other disparaging or derogatory remarks about 7-Eleven or its guests, vendors, or customers.

(c) Nothing in this Agreement is intended to interfere with Monte's non-waivable right, without prior notice to 7-Eleven, to provide information to the government, participate in investigations, file a complaint, testify in proceedings regarding Monte's past or future conduct, or engage in any future activities protected under whistleblower statutes, or to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

(d) An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney and solely for the purpose of reporting or investigating a suspected violation of law; or is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Additionally, an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal; and does not disclose the trade secret, except pursuant to court order.

(e) Monte further agrees that, upon request by 7-Eleven, Monte shall cooperate with 7-Eleven with respect to any matter in which he was involved or has knowledge of as a consequence of his employment with 7-Eleven including, but not limited to, the defense or prosecution of any claim or lawsuit including, but not limited to, meeting with, making himself available, and providing true and accurate statements to 7-Eleven or any of its legal counsel, provided however, that Monte's cooperation shall not unreasonably interfere with his employment and Monte shall be reimbursed for any reasonable out-of-pocket expenses he incurs in connection with such cooperation.

(f) The parties agree that all requests for employment references or verification to 7-Eleven relating to Monte shall be directed to the automated 1-800 number used by 7-Eleven for employment verification (1-800-367-5690), which releases only dates of employment and positions held. Monte's separation will be coded as a voluntary resignation in 7-Eleven's Human Resources Information System.

5. <u>Return of Property</u>. Monte represents and warrants that he has returned to the possession of 7-Eleven any and all items of its property, including without limitation his office keys, security access cards, equipment, business records, and personnel data.

Initials [handwritten]

6. <u>Other Agreements</u>.

(a) Monte hereby represents and warrants that he (i) has not assigned or transferred to any person any portion of any Claim which is waived, released, or discharged herein, (ii) does not have or know of any outstanding Claims other than those released herein and (iii) does not reserve any Claims against 7-Eleven from the effect of this Agreement.

(b) This Agreement and compliance with it shall not be construed as an admission by 7-Eleven, or any officer, employee or agent of 7-Eleven, of any liability or wrongdoing whatsoever. 7-Eleven specifically disclaims any wrongdoing and disclaims any liability to Monte for any alleged violation of his rights including any violation of any constitutional, statutory, common law or contractual rights. Monte shall not be considered a prevailing party for any purpose.

(c) The parties hereto acknowledge that this Agreement, the compromise and settlement evidenced thereby, and any evidence relating thereto, each and all: (i) shall never be admissible as evidence against the Persons herein released in any present or future suit, Claims or proceeding of any nature, except as necessary to enforce rights granted pursuant to this Agreement and the instruments, documents and agreements referenced herein; (ii) but may be asserted by and introduced as evidence for the Persons hereby released as an absolute and final defense and bar to any Claim released herein in any present or future suit or proceeding of any nature.

(d) The parties hereto agree that the consideration recited herein is the only consideration given or agreed to be given for this Agreement and the amount of such consideration is contractual and not a mere recital.

(e) In the event that it shall be necessary for 7-Eleven to institute legal action to enforce any of the terms or conditions or provisions contained herein, or for any breach thereof, 7-Eleven shall be entitled to recover its costs and reasonable attorneys' fees from Monte.

(f) Monte agrees and specifically acknowledges that his employment relationship with 7-Eleven has been permanently and irrevocably severed, that he will not apply for or otherwise seek re-employment with 7-Eleven or any of its Affiliates and that 7-Eleven and its Affiliates have no obligation, contractual or otherwise, to rehire or re-employ him in the future, or to maintain future employment if Monte is inadvertently hired by 7-Eleven by someone without knowledge of this Agreement. Monte specifically agrees to waive and release any right to or claim for reinstatement of his employment with 7-Eleven. Monte acknowledges that any refusal by 7-Eleven to rehire him is because of this Agreement and for no other reason. Monte acknowledges and agrees that this Agreement may be used as a defense to any claim of discriminatory or retaliatory failure to rehire him should he violate this provision and reapply for employment with 7-Eleven and agrees that



this provision constitutes a legitimate nondiscriminatory and/or nonretaliatory reason for 7-Eleven refusing to rehire him.

(g)     Monte understands and agrees that he is responsible for payment of any taxes which are required to be paid to the State of New Jersey, the United States Government or any other entity as a result of this settlement. Monte acknowledges that no representations regarding the tax consequences of this settlement have been made to him by 7-Eleven or 7-Eleven's counsel. Monte agrees that, in the event that some federal, state or local agency takes the position that taxes should have been withheld from amounts paid to him or his counsel pursuant to this Agreement, he will be solely responsible for payment of any such alleged tax obligations and will indemnify and hold 7-Eleven harmless from any resulting tax liability, interest or penalty associated therewith. 7-Eleven agrees that if any demand, proceeding, action or suit is brought against it by any federal, state or local agency for any alleged tax liability, interest or penalty associated therewith, 7-Eleven will notify Monte within a reasonable time period after learning of such action or claim.

(h)     Monte understand and agree that he is responsible for payment of his own attorneys' fees and costs incurred in connection with this matter and the settlement thereof, other than specifically referenced herein. Monte further understands and agrees that the payments he will receive or that are being made on his behalf under this Agreement include any and all claims for his attorneys' fees and costs and that the release under this Agreement includes any and all claims for attorneys' fees and costs.

(i)     Monte acknowledges that he has carefully read and fully understands the provisions of this Agreement, including the release contained herein, that he has been given the legally required period of time to consider the terms of this Agreement, that he has had sufficient time to consult with his counsel, and that he enters into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion or duress. By executing this Agreement, Monte acknowledges that he has made his own investigation of the facts and is relying solely upon his own knowledge and the advice of his own legal counsel, and knowingly waives any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts, known or unknown. The Parties stipulate that each Party is relying upon these representations and warranties in entering into this Agreement. These representations and warranties shall survive the execution of this Agreement.

(j)     Each party has had the opportunity to revise, comment upon and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.



7. <u>Notices</u>. Any notice required hereunder will be in writing and shall be effective when personally delivered or when deposited in the United States mail, postage prepaid, certified mail and delivered as follows:

> <u>If to Monte:</u>
>
> Kevin Monte
> 349 Barton Run Boulevard
> Marlton, New Jersey 08053
>
> <u>If to 7-Eleven:</u>
>
> Allison Bernstein, Esq.
> Senior Counsel
> 7-Eleven, Inc.
> P.O. Box 711
> Dallas, Texas 75211

8. <u>Miscellaneous</u>.

(a) This Agreement contains all of the agreements and understandings between the parties and supersedes and replaces any prior negotiations or proposed agreements, written or oral. Each of the parties acknowledges that no other party, nor agent of any other party, has made any statements, understandings, agreements, promises, representations, or warranties whatsoever, express or implied, not contained herein, to induce it to execute this Agreement. This document may not be modified, amended, or altered except by a subsequent writing to be signed by all parties hereto. The parties intend that the releases contained herein be as broad as permitted by law.

(b) **THE VALIDITY, CONSTRUCTION, OPERATION AND EFFECT OF THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW JERSEY. ANY ACTION TO ENFORCE OR INTERPRET THE TERMS OF THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINTED IN FEDERAL OR STATE COURT IN NEW JERSEY. MONTE HEREBY IRREVOCABLY CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF NEW JERSEY.**

(c) If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void or unenforceable to any extent, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and such invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement. The remaining provisions shall, nevertheless, survive and continue in full force and effect without being affected or invalidated in any way.

(d) The representations and warranties set forth herein shall survive the execution and delivery of this Agreement.

(e) This Agreement shall be effective as of the date first above written and shall inure to the benefit of and be binding upon the parties hereto, their respective heirs, successors and assigns. Monte may not assign his rights and obligations under this Agreement without the express written consent of 7-Eleven, and any such purported assignment is null and void.

(f) Each party hereto shall bear its own direct and indirect expenses incurred in connection with the negotiation and preparation of this Agreement and the consummation and performance of the transactions contemplated hereby.

(g) This Agreement may be executed in separate counterparts, any one of which need not contain signatures of more than one party, but all of which taken together will constitute one and the same agreement. Signatures transmitted by facsimile machine or electronically in Portable Document Format (PDF) or similar software shall be treated as originals for purposes of this Agreement.

[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK]



IN WITNESS WHEREOF, the parties have executed this agreement or caused the same to be executed by their duly authorized corporate officers, all as of the date first above written.

**KEVIN MONTE:**

_[signature]_

Subscribed to and sworn before me this 3rd day of March, 2020.

_[signature]_
Notary Public

SEAN S. PORTER
NOTARY PUBLIC OF NEW JERSEY
Commission # 50106373
My Commission Expires 6/5/2024

**7-ELEVEN, INC.:**

_[signature]_

By: Rankin Gasaway
Title: Sr. Vice President
Attest: _[signature]_